# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| **BRADFORD KEITH WATTS AND JILL WATTS, individually and on behalf of the minor child, C.W.** | * | **CIVIL ACTION NO.  14-2310** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **RCA CORPORATION now known as and doing business as GENERAL ELECTRIC COMPANY** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge on reference from the District Court is a motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) [doc. # 9], filed by defendant, Voxx International Corporation ("Voxx").  The motion is opposed. For reasons assigned below, it is recommended that the motion to dismiss be GRANTED IN PART and DENIED IN PART.

## Background

On June 6, 2014, Bradford Keith Watts and Jill Watts (individually, and on behalf of the minor child, C.W.),[1] filed the instant "Petition for Damages" against RCA Corporation, now known as, merged into, and/or doing business as General Electric Corporation (hereinafter, "GE") in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana.  (Petition). Plaintiffs allege that on June 8, 2013, they were involved in a motor vehicle accident near mile post 130.2 on U.S. Highway 80 in Monroe, LA.  (Petition, ¶ 2).  Specifically, their vehicle, a

---

[1]  The court will refer to the minor by his initials in accordance with LR 5.82W and the E-Government Act of 2002.

2005 Kia Sedona, was stationary in the lane of travel when it was hit from behind by a 2006 Dodge Ram truck operated by Jamon Tillman.  *Id.*, ¶¶ 3-5.  As a result of the collision, a portable RCA monitor, attached by plaintiffs to the passenger-side head rest, broke free and struck C.W. in his left eye, thus rendering him partially blind and disabled.  *Id*.  Plaintiffs seek damages stemming from C.W.'s injury, including medical expenses, loss of consortium, special needs costs, and legal interest.  *Id*., ¶¶ 8-9.

Plaintiffs originally alleged that G.E. was the party responsible for C.W.'s injuries because 1) it failed to warn that the monitor would come off the headrest despite being secured per G.E.'s directions; and 2) defective design.  *Id*., ¶¶ 7-8.  On June 13, 2014, plaintiffs amended their petition to substitute Voxx as defendant in lieu of G.E.  (1st Suppl. & Amend. Petition). Despite the substitution, G.E. maintained that plaintiffs had not dismissed it from the case, and on July 15, 2014, removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (Notice of Removal).  To placate G.E. and clarify the record, plaintiffs formally dismissed G.E. from the suit on November 14, 2014.  [doc. #s 11 & 15].

On December 11, 2014, plaintiffs amended their complaint to join an additional defendant, ALCO Electronics, Ltd. ("ALCO").  (2nd Suppl. & Amend. Compl.).  Plaintiffs allege that both Voxx and ALCO manufactured, designed, and/or distributed the DVD player and monitor that caused their injuries.  *Id*., ¶ 11.

Meanwhile, on September 15, 2014, Voxx filed the instant motion to dismiss for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  In support of its motion, Voxx argued that plaintiffs' bare and conclusory allegations failed to state a claim for relief under the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et seq*. ("LPLA") – the

2

exclusive source for recovery against a manufacturer for damage caused by its product(s). Plaintiffs filed their opposition to the motion on December 1, 2014.  Voxx filed its reply brief on December 11, 2014.  Thus, the matter is ripe.

## 12(b)(6) Standard

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ."  Fed.R.Civ.P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between.  *See Iqbal, supra*.  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.  Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal, supra* (citation omitted).  A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely.  *Twombly,*

Although the court must accept as true all factual allegations set forth in the complaint,

the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  Moreover, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision."  *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations and internal quotation marks omitted).  Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory.  Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument."  *Skinner v. Switzer*, ___ U. S. ____, 131 S. Ct. 1289, 1296 (2011).[2]

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted).  However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record).  Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim."  *Collins v. Morgan Stanley Dean*

---

[2]  "Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used."  *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted).

4

*Witter*, 224 F.3d 496, 498-499 (5ᵗʰ Cir. 2000) (citations and internal quotation marks omitted).

<u>**Law and Analysis**</u>

**I.     Louisiana Law Applies to Substantive Issues**

Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211(1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817 (1938).  The parties in this matter implicitly agree that the disputed issues are governed by the substantive law of Louisiana.[3] *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Ace American Insurance Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832 (5ᵗʰ Cir. 2012) (applied Texas law where neither side disputed that Texas law applied); *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250 (5th Cir. La. 1997) (applied Louisiana law where no party disputed that Louisiana law governed).

Because Louisiana law applies, "courts must begin every legal analysis by examining primary sources of law:  the State's Constitution, codes, and statutes.  Jurisprudence, even when it rises to the level of *jurisprudence constante,* is a secondary law source in Louisiana." *Ayala v. Enerco Grp., Inc.*, 569 F. App'x 241, 246 (5th Cir. 2014) (citation omitted).  Thus, this court must look first to the LPLA, and only secondarily to judicial decisions (i.e., decisions of the Louisiana Supreme Court). *Id.*, *see also Moore v. State Farm Fire & Casualty Co.*, 556 F.3d 264, 269 (5ᵗʰ Cir. 2009) (citation omitted).

---

[3]  Both sides analyzed plaintiffs' claims pursuant to Louisiana law.

5

## II.    LPLA Exclusivity

Under Louisiana law, the LPLA provides "the exclusive theories of liability for manufacturers for damage caused by their products.  **A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA].**"  La. R. S. 9:2800.52 (emphasis added); *see also Jefferson*, 106 F.3d at 1251.  Plaintiffs so concede.  (Pl. Opp., pg. 3).

## III.    Sufficiency of the LPLA Allegations

To hold a manufacturer liable under the  LPLA, a plaintiff must establish:  "damage proximately caused by a characteristic of the product that rendered its product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity."  La. R. S. 9:2800.54 A.  Liability may attach, if and only if (among other requirements) the product is unreasonably dangerous:  1) in construction or composition, 2) design, 3) because of an inadequate warning, or 4) because it fails to conform to an express warranty.  La. R. S. 9:2800.54 B.  Ultimately, a cause of action under the LPLA requires proof:

1.     that the defendant is a manufacturer of the product;

2.     that the claimant's damage was proximately caused by a characteristic of the product;

3.     that the characteristic made the product unreasonably dangerous in one of the four ways provided in the statute; and

4.     that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.

*Jefferson*, 106 F.3d at 1251.

In this case, plaintiffs contend that the monitor/DVD player was unreasonably dangerous

6

only in two of the four categories of defects recognized by the LPLA:   failure to warn and faulty

design.  (Petition, ¶ 7; 2nd Suppl. & Amend. Petition, ¶ 11).[4]  The court will analyze the

sufficiency of plaintiffs' allegations under each category.

     a)     <u>Inadequate Warning</u>

The LPLA explains that,

> A.  A product is unreasonably dangerous because an adequate warning about the
> product has not been provided if, at the time the product left its manufacturer's
> control, the product possessed a characteristic that may cause damage and the
> manufacturer failed to use reasonable care to provide an adequate warning of such
> characteristic and its danger to users and handlers of the product.
>
> B. A manufacturer is not required to provide an adequate warning about his
> product when:
>
> (1) The product is not dangerous to an extent beyond that which would be
> contemplated by the ordinary user or handler of the product, with the ordinary
> knowledge common to the community as to the product's characteristics; or
>
> (2) The user or handler of the product already knows or reasonably should be
> expected to know of the characteristic of the product that may cause damage and
> the danger of such characteristic.

La. R. S. § 9:2800.57(A)-(B).

In addition, the LPLA defines an "adequate warning" as,

> a warning or instruction that would lead an ordinary reasonable user or handler of
> a product to contemplate the danger in using or handling the product and either to
> decline to use or handle the product or, if possible, to use or handle the product in
> such a manner as to avoid the damage for which the claim is made."

La. R. S. § 9:2800.53(9).

Thus, to "maintain a failure-to-warn claim under the LPLA, a plaintiff must demonstrate that the

product in question has a potentially damage-causing characteristic and that the manufacturer

failed to use reasonable care to provide an adequate warning about this characteristic."  *Stahl v.*

---

    [4]  As such, discussion of the other two categories of defect is unnecessary.

*Novartis Pharm. Corp.*, 283 F.3d 254, 264 (5th Cir. 2002) (citation omitted).  To satisfy the first prong of this test, the plaintiff must allege facts as to the "cause, frequency, or consequences" of the dangerous characteristic at issue.  *Id*.

Here, plaintiffs allege that Voxx failed to warn that, in an accident, the monitor/DVD player would detach from the headrest, despite having been installed in accordance with the manufacturer's instructions.  (Petition, ¶ 7).  In other words, plaintiffs allege facts which suggest that the cause of the dangerous characteristic was the means of securing the monitor to the headrest, with the reasonably foreseeable consequence that the monitor/player would become detached in an accident, thereby causing serious injury to an occupant.

Voxx argues, in response, that it was not required to warn about the dangerous propensities of the monitor/DVD player because plaintiffs either knew or reasonably should have known that the monitor/DVD would become detached in a violent accident.  Indeed, "Louisiana law does not require manufacturers to provide warnings of dangers which are obvious to the ordinary user."  *Morgan v. Gaylord Container Corp.*, 30 F.3d 586, 591 n.7 (5th Cir. 1994) (citation omitted).  The threshold burden (at least in the summary judgment context) is on the manufacturer to prove that the purchaser knew or reasonably should have been expected to know of the dangerous characteristic of the injury-causing product.  *Swope v. Columbian Chemicals Co.*, 281 F.3d 185, 206 (5th Cir. 2002).

In this case, however, plaintiffs do not allege that they were aware of the dangerous propensities of the monitor/DVD player.  Moreover, drawing upon judicial experience and common sense, as instructed by *Iqbal*, the court finds it *plausible* that, *after installing the device in accordance with the manufacturer's instructions*, a purchaser/user should *not* reasonably

anticipate that, in the event of a serious accident, the monitor/DVD player will detach from the headrest and become a dangerous projectile.

Voxx further contends that plaintiffs failed to allege that a characteristic of the monitor/DVD player was the proximate cause of their injuries.  Under the LPLA, proximate cause is analyzed using the same duty/risk considerations employed in an ordinary negligence action, i.e., whether the "risk, and harm caused, [was] within the scope of protection afforded by the duty breached."  *See Traina v. Nationsbank of Texas, N.A.*, 2001 WL 1041773 (E.D. La. Sept. 7, 2001) (citations omitted); *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 321-322 (La. 1994).  "Regardless if stated in terms of proximate cause, legal cause, or duty, the scope of the duty inquiry is ultimately a question of policy as to whether the particular risk falls within the scope of the duty." *Roberts v. Benoit*, 605 So.2d 1032, 1044 (La.1991).

Here, plaintiffs allege that C.W.'s injuries were caused by defendant's failure to warn that the monitor/DVD player would detach from the headrest, despite plaintiffs' having secured the device per defendants' instructions.  (Petition, ¶ 7).  The court readily concludes that the scope of the duty owed by Voxx is broad enough to encompass the risk of the harm suffered by plaintiffs.

In sum, at this early stage of the proceedings, plaintiffs' complaint, as amended, states a plausible inadequate warning claim under the LPLA, sufficient to afford defendant fair notice of the claim against it, together with the reasonable expectation that discovery will reveal relevant evidence to support each of the elements of the claim.

b)    Design

Under the LPLA:

[a] product is unreasonably dangerous in design if, at the time the product left its

manufacturer's control:

(1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and

(2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An adequate warning about a product shall be considered in evaluating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product.

La. R.S. § 9:2800.56.

Thus, to state a claim for defective design under the LPLA, plaintiff must allege, at minimum, an alternative design that was capable of preventing the damage.  *See Flagg v. Elliot*, Civ. Action No. 14-0852, 2014 WL 4450451, at *4 (E.D. La. Sept. 10, 2014); *Becnel v. Mercedes-Benz USA, LLC*, Civil Action No. 14-0003, 2014 WL 1918468, at *8 (E.D. La. May 13, 2014).

In the case at bar, plaintiffs allege that the design of the monitor/DVD player was defective because it should not have come loose in the accident.  Plaintiffs, however, fail to set forth any alternative design that was capable of preventing the injury.  As such, they also omit requisite facts to show that the cost of the unidentified, alternative design was less than the likelihood and gravity of the harm.  Accordingly, the complaint, as amended, does not allege sufficient facts to show that the monitor/DVD player was unreasonably dangerous by design. *See Kennedy v. Pfizer, Inc.*, Civ. Action No. 13-3132, 2014 WL 4092918 (W.D. La. Aug. 15, 2014); *Watson v. Bayer Healthcare Pharm., Inc.*, Civ. Action No. 13-0212, 2013 WL 1558328 (E.D. La. Apr. 11, 2013).[5]

---

[5] Plaintiffs' defective design claim against ALCO suffers from the same pleading deficiency. Therefore, the undersigned also will recommend dismissal of the claim as to ALCO.  *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th 2001) ("incongruous" and "unfair" to allow some defendants to prevail,

Nonetheless, the court is not persuaded that plaintiffs are forever precluded from discerning and alleging facts to state a defective design claim.[5]  Rather, once plaintiffs retain an expert to examine the monitor/DVD player, they then may be able to come by the facts needed to amend their complaint to assert a defective design claim.  Thus, the recommended dismissal of plaintiffs' defective design claim will be without prejudice.[6]

### Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) [doc. # 9], filed by defendant, Voxx International Corporation be GRANTED IN PART, in favor of both remaining defendants, DISMISSING, without prejudice, plaintiffs' LPLA claim for defective design only.

IT IS FURTHER RECOMMENDED that the motion [doc. # 9] otherwise be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within

---

while not providing the same benefit to similarly situated defendants) (citation omitted); *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties).

[5] "District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable . . . " *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th  Cir. 2002).

[6] In any event, a partial dismissal *with prejudice* is a non-final judgment, subject to revision at any time.  *See* Fed.R.Civ.P. 54.
The court cautions plaintiffs not to dither in retaining an expert.  They should amend their complaint to properly allege a defective design claim as soon as possible, but no later than the deadline to amend pleadings.

**fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 19th day of December 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE