UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BRADFORD KEITH WATTS, ET AL.** | **CIVIL ACTION NO. 14-2310** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **RCA CORPORATION, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 32] filed by Defendant Voxx International Corporation ("Voxx"). Voxx moves the Court to dismiss the products liability claim against it by Plaintiffs Bradford Keith Watts and Jill Watts, individually and on behalf of their minor child, Cade Watts ("the Watts"). Voxx claims that it is not the manufacturer of the DVD player at issue in this case.

On May 11, 2015, the Court held oral argument and a status conference on the Motion for Summary Judgment. After discussion with counsel, the Court stated that it would set a status conference for two weeks after an answer had been filed by Defendant Alco Electronics, Ltd. ("Alco"), the purported manufacturer of the DVD player.

On June 22, 2015, Alco filed an Answer [Doc. No. 53]. Although Alco raises defenses and denials to the Watts' allegations, Alco apparently does not contest that it manufactured the DVD player.

After review of the memoranda and Alco's Answer, the Court issued a Minute Entry [Doc. No. 55] notifying the parties of its intent to grant Voxx's Motion for Summary Judgment. The Court

required the Watts to file a supplemental opposition memorandum no later than July 13, 2015, if they continued to oppose the granting of Voxx's Motion for Summary Judgment. The Watts did not file a supplemental opposition memorandum.

For the following reasons, the motion is GRANTED, and the Watts' claims against Voxx are DISMISSED WITH PREJUDICE.

I.    **FACTS AND PROCEDURAL HISTORY**

On June 8, 2013, the Watts were involved in a motor vehicle accident. During the accident, a portable DVD which the Watts had installed in their vehicle became detached. The DVD then struck and injured the Watts' child, Caden.

The Watts brought suit against Voxx, among other Defendants. They allege that Voxx is liable under the Louisiana Products Liability Act ("the LPLA") for failing to provide an adequate warning for the portable DVD player.

However, Voxx now moves the Court for summary judgment, arguing that it is not the manufacturer of the DVD and thus cannot be liable under the LPLA. The Watts filed an opposition memorandum. [Doc. No. 36]. Voxx filed a reply memorandum [Doc. No. 39]. With leave of Court, the Watts filed a sur-reply memorandum [Doc. No. 43]. The Watts and Voxx also made oral argument in support of their positions in a conference in Chambers and in open court on May 11, 2015.

The Court is now prepared to rule.

II.    **LAW AND ANALYSIS**

    A.    **Standard of Review**

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the

pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Thus, Summary Judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### B.     LPLA

The LPLA, LA. REV. STAT. 9:2800.51, *et seq.*, "establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set

forth in [the LPLA]." *See* LA. REV. STAT. 9:2800.52. Under the LPLA, a plaintiff asserting liability against any defendant must prove that the defendant was a manufacturer or seller of the product at issue as defined by statute. *See Stanley v. Wyeth, Inc.,* 07-2080 (La. App. 1 Cir. 2008); 991 So.2d 31, 33 n.2 ("Under the LPLA the first element that must be proven by the claimant is that the defendant is the manufacturer of the product causing plaintiff's harm."). A manufacturer is defined in the LPLA as:

> (1) . . . a person or entity who is in the business of manufacturing a product for placement into trade or commerce. "Manufacturing a product" means producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product. "Manufacturer" also means:
>
> (a)　A person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product.
>
> (b)　A seller of a product who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage.[1]
>
> (c)　A manufacturer of a product who incorporates into the product a component or part manufactured by another manufacturer.
>
> (d)　A seller of a product of an alien manufacturer if the seller is in the business of importing or distributing the product for resale and the seller is the alter ego of the alien manufacturer . . . .

LA. REV. STAT. 9:2800.53.

---

[1] A "Seller" is "a person or entity who is not a manufacturer and who is in the business of conveying title to or possession of a product to another person or entity in exchange for anything of value." LA. REV. STAT. 9:2800.53(2). However, a seller who did not manufacture the product does not incur liability under the LPLA unless he vouched for the product as his own. *Slaid v. Evergreen Indem., Ltd.*, 32,363 (La. App. 2 Cir. 10/27/99); 745 So.2d 793, 797; *see also Jenkins v. Int'l Paper Co.*, 41,566 (La. App. 2 Cir. 11/15/06); 945 So.2d 144, 147 (citing same). The non-manufacturing seller is responsible for damages in tort "only if he knew or should have known that the product sold was defective, and failed to declare it." *Slaid*, 745 So.2d at 797 (internal quotation marks and citations omitted).

In its motion, Voxx argues that the LPLA provides the Watts' exclusive remedy, Voxx is not the manufacturer under the LPLA, and, therefore, it is entitled to summary judgment on the Watts' claims against it. To support its motion, Voxx presented the Court with two licensing agreements and the affidavit of Charles M. Stoehr, Sr. ("Stoehr"), the Vice-President and Financial Officer for Voxx. Voxx contended, originally, that these documents established that it was not the manufacturer of the DVD player. In opposition, however, the Watts pointed out that the exhibits were confusing and raised more questions than answers.

Voxx then filed a reply memorandum admitting that the presentation of evidence was confusing and explaining that the confusion resulted from counsel's own misunderstanding of the business relationships involved. With the reply, Voxx provided one additional agreement and an affidavit from Paul A. Juergensen ("Juergensen"), law clerk to Dianne M. Camelo, associate general counsel for Voxx. Voxx further clarified that Stoehr's affidavit was correct except for the averments in paragraph 7.

According to Stoehr, Voxx was formerly known as Audiovox Corporation and is the sole shareholder of Audiovox Consumer Electronics, Inc.[2] [Doc. No. 32, Exh. C, Stoehr Aff., ¶ 4]. On December 31, 2007, Voxx (as Audiovox Corporation) obtained the rights to use the RCA trademark in connection with audiovisual ("AV") Products, including DVD players. *See* [Doc. No. 32, Exhs. A & B, ¶ 1.6].

Voxx (then Audiovox Corporation) and Alco, a company which is independent from Voxx

---

[2]Confusingly, Voxx states in the reply memorandum that Voxx was "previously known as 'Audiovox Consumer Electronics, Inc.'" [Doc. No. 37, p. 1]. Regardless, for purposes of ruling on this motion only, the Court assumes that any action taken by Voxx, Audiovox Corporation, or Audiovox Consumer Electronics, Inc., is attributable to Voxx.

and its subsidiaries, both sought to market RCA-trademarked products. [Doc. No. 32, Exh. C, Stoehr Aff., ¶ 10]. To achieve this result, they agreed that Voxx should transfer the RCA trademarks, among other items, to a holding company created for that purpose, Alvox Trademark Holding Company, LLC ("Alvox"). [Doc. No. 37, Exh. 1, pg. 1; Exh. 2, Juergensen Aff., ¶ 6]. On January 1, 2008, Voxx (as Audiovox Corporation) transferred its licensing rights to the RCA trademarks to Alvox. [Doc. No. 37, Exh. 1]. The same day, Alvox transferred all licensing rights to the RCA trademarks to either Audiovox Consumer Electronics, Inc. (of which Voxx is the sole shareholder) [Doc. No. 32, Exh. A], or Alco [Doc. No. 32, Exh. B]. [Doc. No. 37, Exh. 2, Juergensen Aff., ¶ 8].

Under its licensing agreement with Alvox, Alco has the "right and license to use the Trademarks on and in connection with the design, development, manufacture, promotion, advertising, marketing, merchandising, distribution, sale and repair of the ALCO Audio Visual Products . . . ." [Doc. No. 32, Exh. B, ¶ 2.1]. The agreement further defines "ALCO Audio Visual Products" as "the products set forth on Schedule 2 attached hereto." [Doc. No. 32, Exh. B, ¶ 1.1]. Schedule 2 lists the licensed products transferred to Alco and includes DVD players and portable DVD players. [Doc. No. 32, Exh. B, Sch. 2].

Under the licensing agreement with Alvox, Audiovox Consumer Electronics, Inc. (Voxx) also has the "right and license to use the Trademarks on and in connection with the design, development, manufacture, promotion, advertising, marketing, merchandising, distribution, sale and repair of the AUDIOVOX Audio Visual Products . . . ." [Doc. No. 32, Exh. A, ¶ 2.1]. However, the licensing agreement with Audiovox Consumer Electronics, Inc., limits its right and license to "[t]hose [audiovisual] Products **not set forth on Schedule 2 of the ALCO License Agreement**." [Doc. No. 32, Exh. A, Schedule 2 (emphasis added)]; *see also* [Doc. No. 32, Exh. A, ¶ 1.2; Doc. No.

6

37, Exh. 2, Juergensen Aff., ¶ 10]. Since the use of the RCA trademark for the manufacture and sale of the portable DVD player at issue was transferred to Alco, Voxx had no authority to manufacture, market, or sell a portable DVD player under the RCA trademark.

As additional support for its motion, Voxx points to Alco's website. Voxx explains that the Watts' counsel provided a photograph of the DVD player at issue where its serial number is visible. [Doc. No. 37, Exhs. 3-4]. Voxx was able to use that serial number to search the customer support page for Alco and retrieve a product listing for a dual 7" screen mobile (or portable) DVD system. [Doc. No. 37, Exh. 5].[3]

In its sur-reply, the Watts argue, first, that the relationship between Voxx, Alco, and Alvox is unclear from the record. The Watts argue further that Voxx appeared to retain ownership rights to the RCA trademark and could be liable even if it was not the manufacturer of the DVD player at issue. Citing state and federal case law, the Watts argue that "[n]umerous [c]ourts have held an entity that labels a product as its own, or holds itself out as the manufacturer, such as Voxx through its RCA trademark ownership, is considered an owner for purposes of liability under the LPLA . .

---

[3] The Court also visited the website that Voxx cited and confirmed Voxx's representations. *See* http://www.1800customersupport.com/products.aspx?res=true&cid=12&sq=1&view=795&p=0&sc=67 (last visited 04/07/2015) (identifying DRC69707E as a "Dual 7" Screen Mobile DVD System"). However, a subsequent attempt to view the site on July 14, 2015, reveals that the website is no longer active. Nevertheless, Voxx correctly stated the facts at the time its memorandum was filed. Additionally, a search using the terms "Alco DRC69707E" led the Court to the website http://voxrightnow.custhelp.com/app/answers/detail/a_id/15049/~/information-and-support-for-the-rca-drc69707e-portable-dvd-player (last visited 7/14/2015). That site contains the following disclaimer: "Thank you for your inquiry but the product model number you entered is NOT made or supported by Audiovox . . ." The site provides contact information for Alco and states further for the customer to "contact the Alco-Venturer Customer Service Center directly as Audiovox Customer Care cannot answer questions on these products."

. ." [Doc. No. 43, pp. 3-4 (citing *Allstate Ins. Co. v. Fred's, Inc.*, No. 44,508–CA (La. App. 2d Cir. 2010), 33 So.3d 976; *Vita v. Rooms to Go La. Corp.*, Civil Action No. 13-6208, 2014 WL 6835913 (E.D. La. Dec. 3, 2014); *Chevron USA, Inc. v. Aker Maritime, Inc.*, 604 F.3d 888 (5th Cir. 2010))].

Despite their arguments and citation to authority, the Watts have provided the Court with no basis for the denial of Voxx's Motion for Summary Judgment. Voxx's evidence that it did not have the license to manufacture and did not actually manufacture the DVD player at issue stands undisputed, and Watts' authority for holding Voxx liable under another theory is inapposite. In each of the cited cases, the defendant entity, although not the actual manufacturer of the product, was the seller of the product and held itself out as the apparent manufacturer.[4] Such is not the case here. The Watts have provided no evidence to indicate that Voxx sold the product or labeled it as its own. Finally, the answer filed by Alco further supports Voxx's Motion for Summary Judgment because Alco does not deny that it is the manufacturer of the DVD player.[5]

In light of the evidence in the record, the arguments presented, and Watts' lack of opposition, the Court finds that Voxx is entitled to summary judgment in this matter.

---

[4]*See Allstate*, 33 So.3d at 985 (defendant sold the lamp with the label "'Distributed by Fred's'" and without any other label indicating the actual manufacturer); *Vita*, 2014 Wl 6835913 at *3-4 (Under the LPLA's "'apparent manufacturer doctrine,'" the defendant could be held liable where it sold the allegedly defective glass dining table and the table was labeled as being manufactured by seller and the only notice to buyers otherwise was "a label reading 'This Glass Top is Made in China'and referencing [the actual manufacturer's] disclaimers of liability."); *Chevron*, 604 F.3d at 898 (finding that jury had sufficient evidence to find that defendant Lone Star was the apparent manufacturer of the defective bolts when the purchasing agent dealt exclusively with Lone Star, Lone Star "did nothing to inform [the agent] the bolts were not its own. Instead, it shipped the bolts in Lone Star-labeled boxes and included a packing slip indicating that Lone Star possibly manufactured the bolts in question," even thought the bolts did have small "'OF' markings on their heads" to indicate the true manufacturer, Oriental Fastener).

[5]Alco denies liability and offers other defenses. The Court expresses no opinion on those defenses or whether Alco is ultimately liable to the Watts.

**III.     CONCLUSION**

For the foregoing reasons, Voxx's Motion for Summary Judgment [Doc. No. 32] is GRANTED, and the Watts' claims against Voxx are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 15th day of July, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE